# DISTRICT COURT OF GUAM

| | |
|---|---|
| MICHAEL E. and CARRIE L. WENDT,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRECTOR OF DEPARTMENT OF REVENUE AND TAXATION,<br><br>Defendant. | Civil Case No. 10-00024<br><br>**ORDER RE: MOTION TO DISMISS** |

This matter is before the court on a Motion to Dismiss filed by the Defendant Director of Department of Revenue and Taxation ("the Director") through the Office of the Attorney General of Guam on November 11, 2010. *See* Docket No. 4. The Plaintiffs Michael E. and Carrie L. Wendt ("the Plaintiffs") opposed the motion on February 3, 2011.[1] *See* Docket No. 13. The Director filed a reply on February 8, 2011. *See* Docket No. 15. After reviewing the record and relevant statutes and authority, the court hereby **DENIES** the motion.

---

[1] On February 3, 2011, the Plaintiffs filed a Motion to Deny the Defendant's Motion to Dismiss. *See* Docket No. 13. The court recognizes that the Plaintiffs' response was filed beyond the 14-day deadline set forth in Guam Local Civil Rule LR 7.1(d)(2). However, courts "are generally more solicitious" with regard to *pro se* plaintiffs when applying technical procedural rules. *Borzeka v. Heckler*, 739 F.2d 444, 447-48 n.2 (9th Cir. 1984); *see also Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In addition, the Director received notice of the Plaintiffs' filing and addressed his objections in a reply. *See* Docket No. 15. Therefore, the court will consider the Plaintiffs' filing (Docket No. 13) as an opposition to the Director's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the Plaintiffs' petition seeking a redetermination of their income tax deficiency for tax year 2005, as set forth in the July 6, 2010 Notice of Deficiency from the Guam Department of Revenue and Taxation ("DRT"). Docket No. 1, Attachment. The Plaintiffs filed their 2005 tax return on July 6, 2007. *See* Docket No. 4. According to DRT, the Plaintiffs were sent two notices that their return was being audited, but they did not respond to these notices. *See id.* The DRT then denied the Plaintiffs' deduction of $17,429.00 for charitable contributions and their deduction of $9,345.00 for employee and other miscellaneous expenses, which resulted in a tax deficiency of $6,786.00. *See* Docket No. 1, Attachment. This tax case followed.

## II. DISCUSSION

The Director makes two arguments to support dismissal. First, he contends that dismissal is proper pursuant to Federal Civil Procedure Rule 12(b)(6) because the petition failed to allege any assignment of error the Director may have committed in determining the Plaintiffs' tax liability or deficiency. Second, the Director argues in his reply that the case should be dismissed in light of the Plaintiffs' failure to comply with this court's local procedural rules *See* Docket No. 15.

### A. Rule 12(b)(6) and *Iqbal* pleading standard

Pursuant to Federal Civil Procedure Rule 8(a)(2), a pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may argue that under Rule 12(b)(6), the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Supreme Court has held that a complaint need not contain "detailed factual allegations," but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, although the court "must take all of the factual allegations in the complaint as true, [the court is] not bound to accept as true a legal conclusion couched as a factual allegation."

*Ashcroft v. Iqbal,* 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009) (quotation marks omitted). To survive a 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

The Director argues that the Plaintiffs' petition fails to state "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Director in the determination of the deficiency or liability." Docket No. 4, p. 5 (quoting Local Tax Rule LTR 2(d)). Therefore, the Director contends that the Plaintiffs have failed to state a claim for relief and the case should be dismissed pursuant to Federal Civil Procedure Rule 12(b)(6). This court disagrees.

The Ninth Circuit has recognized that when a party is "proceed[ing] pro se, his complaint must be held to less stringent standards than formal pleadings drafted by lawyers, as the Supreme Court has reaffirmed since *Twombly*." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted). "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Id.* (footnote omitted). That is, courts have an "obligation . . . where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (en banc)).

Interpreting the petition liberally, the court finds that the Plaintiffs have sufficiently stated a claim for relief. The Plaintiffs object to the determination of a tax deficiency of $6,786.00 for 2005, and request that the determination be vacated. *See* Docket No. 1. The petition explains:

> 4.1 In its notice of deficiency issued July 6, 2010, Respondent denied the Petitioners $17,429.00 of Charitable Contributions itemized deductions for 2005.
>
> 4.2 In its notice of deficiency issued July 6, 2010, Respondent denied the Petitioners $9,345.00 of Employee & Other Misc. Expenses itemized deductions for 2005.

Docket No. 1, p. 2. In paragraph 4.1, the Plaintiffs argue that the Director erred in denying the Plaintiffs' itemized deductions for charitable contributions. In paragraph 4.2, the Plaintiffs argue that the Director erred in denying the Plaintiffs' itemized deductions for employee and miscellaneous expenses for tax year 2005. *See* Docket No. 1. Thus, the petition sets forth the assignments of error allegedly committed by the Director. Guided by the Ninth Circuit's instruction to construe *pro se* pleadings liberally, the court finds, the court finds that the petition contains "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and therefore, the motion to dismiss should be denied on this ground.

### B. Local Civil Rule 7.1(f)

The Director also contends that the case should be dismissed in light of the Plaintiffs' failure to comply with this court's local procedural rules *See* Docket No. 15. In support of this argument, the Director relies on *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995), where the Ninth Circuit dismissed a case for a party's failure to file an opposition to a motion to dismiss. *Id.* at 53. The Director urges the court to follow the *Ghazali* ruling that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Id.*

In *Ghazali*, the relevant Nevada court local rule stated: "The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." *Id.* (quoting Dist.Nev.R. 140-6). In contrast, this court's Local Civil Rule LR 7.1(f) provides: "Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule will not be considered and such tardiness may be deemed by the Court as consent to the granting or denial of the motion, as the case may be." Guam Local Civil Rule LR 7.1(f). Thus, under Guam local rule, dismissal for failure to comply with the local procedural rules is merely discretionary, whereas Nevada's rule mandated dismissal for failure to file an opposition. Because Nevada's local rule is clearly different from Guam's local rule; the court is not persuaded by the Director's reliance in *Ghazali*. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

Moreover, with regard to a *pro se* complaint, "before dismissing an action, a court should always be certain that other less drastic alternatives are not available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Here, there is a less drastic alternative available to the Director; for example, he could file a motion for a more definite statement pursuant to Federal Civil Rule 12(e). *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). Such a motion would allow the Director to address his concerns as to the perceived pleading deficiencies in the Plaintiffs' petition. On this ground as well, the motion should be denied.

## III. CONCLUSION

Based on the foregoing, the Motion to Dismiss is hereby **DENIED.**

**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Apr 22, 2011**